**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

RICHARD AVERY,

     Defendant-Appellant.

No. 08-8022
(D.Ct. No. 2:07-CR-00200-WFD-4)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

Before **BARRETT, ANDERSON,** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

Appellant Richard Avery pled guilty to one count of conspiracy to possess
with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1)

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

and (b)(1)(A) and § 846, and one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced Mr. Avery to 168 months imprisonment and five years supervised release. Although Mr. Avery appeals his conviction and sentence, his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On July 18, 2007, an indictment issued against Mr. Avery in connection with a conspiracy to distribute methamphetamine conducted in Rock Springs, Wyoming, during the period between January 2005 and June 2006. Information from an investigation into the conspiracy established Mr. Avery purchased pound quantities of methamphetamine from another individual, and Mr. Avery later admitted to first purchasing small quantities and eventually one pound of methamphetamine a week for a period of nine months.

Following his arrest, Mr. Avery pled guilty to one count of conspiracy to possess with intent to distribute methamphetamine and one count of possession with intent to distribute methamphetamine. As part of his plea, Mr. Avery admitted he re-sold the methamphetamine he purchased and stipulated that his

relevant conduct involved between 500 grams and 1.5 kilograms of methamphetamine. In his plea agreement, Mr. Avery waived his right to appeal his sentence and agreed to provide substantial assistance in the investigation or prosecution of other persons who may have committed criminal offenses.

During the Rule 11 colloquy at Mr. Avery's plea hearing, the district court questioned Mr. Avery about his guilty plea and informed him of his rights and privileges under the Constitution and the laws of the United States. *See* Fed. R. Crim. P. 11. Mr. Avery explicitly confirmed, in part, that he: (1) understood the charges against him; (2) was satisfied with his counsel; (3) had read the plea agreement, discussed it with counsel, and understood its terms; (4) understood the rights he was waiving, including the waiver of his appeal rights; and (5) understood the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.") sentence explained to him was tentative and subject to change based on any additional information obtained prior to sentencing.

Following Mr. Avery's guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable Guidelines. The probation officer calculated the base offense level at 36, under U.S.S.G. § 2D1.1(c)(2), based on the stipulated drug quantity of between 500 grams and 1.5 kilograms of methamphetamine. *See* U.S.S.G. § 2D1.1(c)(2) (Drug Quantity

Tbl.). After decreasing the offense level by three levels for acceptance of responsibility, the probation officer calculated a total offense level of 33, which, together with a criminal history category of III, resulted in a recommended Guidelines range of 168 to 210 months imprisonment. *See* U.S.S.G., Ch. 5, Pt. A (Sent'g Tbl.). The probation officer also noted the minimum and maximum terms of imprisonment were ten years and life.

Mr. Avery did not object to the presentence report but filed a request for a downward departure of five levels. First, he argued his criminal history category of III was over-represented, based, in part, on the fact he did not have a criminal record until six years prior when he received two drug-related convictions – one involving misdemeanor possession of marijuana and the other involving possession with intent to distribute methamphetamine, cocaine, and marijuana, for which he alleged he was unfairly assessed additional points because he committed the offense while on probation for the prior marijuana offense. Second, he argued the government should have proffered a departure under U.S.S.G. § 5K.1 for substantial assistance to the government, as contemplated in the plea agreement, but, instead, the government refused to garner information from Mr. Avery which he would have been willing to provide.

At the sentencing hearing, Mr. Avery raised the same arguments for a

downward departure based on both the alleged over-representation of his criminal history and the government's failure to use him as a cooperating witness and seek a § 5K1.1 departure. The government responded to Mr. Avery's § 5K.1 argument, pointing to his lack of credibility, inconsistent statements, and obstruction issues, including an intercepted letter he attempted to send while incarcerated in the instant case intended to "out" certain confidential informants, as grounds for not using him as a cooperating witness for the purpose of such a departure. It also argued his criminal history was not over-represented, given the government declined to pursue certain sentencing enhancements, including an enhancement regarding the amount of methamphetamine Mr. Avery initially admitted to distributing, which was a pound a week for nine months, for a total of thirty-six pounds.

After hearing the parties' arguments, the district court comprehensively discussed the 18 U.S.C. § 3553(a) factors as they applied to Mr. Avery, including his individual characteristics, criminal history, and the aggravating factor of the correspondence on the confidential informants, which it found could have endangered their lives. Based on its consideration of all the § 3553(a) factors, it found nothing to justify a variance or departure under the applicable Guidelines range and imposed a sentence at the low end of the sentencing range of 168 months imprisonment.

After Mr. Avery filed a timely notice of appeal, his appointed counsel filed an *Anders* appeal brief explaining, after an examination of the record, he could find no non-frivolous issues on appeal and seeking permission to withdraw as counsel. *See Anders*, 386 U.S. at 744. Pursuant to *Anders,* this court gave Mr. Avery an opportunity to respond to his counsel's *Anders* brief, and, to date, we have not received a response. *Id.*

## II. Discussion

In the *Anders* brief, counsel points out: (1) Mr. Avery waived his right to appeal; (2) his guilty plea was valid; (3) he received a sentence at the low end of the properly-calculated Guidelines range; and (4) his sentence is otherwise procedurally and substantively reasonable. In support of his argument, counsel relies on the district court's Rule 11 colloquy and its comprehensive application and discussion of the Guidelines and § 3553(a) factors in denying a downward departure and sentencing Mr. Avery.

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* We note Mr. Avery's waiver of appeal rights is contained in his plea agreement, he agreed he understood he was waiving his appeal rights when questioned on the subject by the district court, and at the sentencing hearing

counsel for both parties confirmed Mr. Avery had waived those rights. On appeal, Mr. Avery's counsel represents such a waiver occurred, but the government has not invoked a waiver provision on appeal. Instead, it has merely filed a letter to this court giving notice of its intent not to file an answer brief and agreeing with Mr. Avery's counsel "there are no non-frivolous claims that could fairly be raised to challenge either [Mr. Avery's] conviction or sentence." As a result, we conclude the government has forfeited the opportunity to enforce Mr. Avery's appeal waiver. *See United States v. Calderon*, 428 F.3d 928, 930-31 (10th Cir. 2005).

Turning to the merits of the appeal, the record demonstrates Mr. Avery pled guilty to the offenses charged and stipulated to distributing methamphetamine in a quantity between 500 grams and 1.5 kilograms. Because the district court considered the applicable Guidelines and sentencing factors in sentencing Mr. Avery at the low end of the presumptively reasonable advisory Guidelines range, we have no reason to conclude his sentence is unreasonable, especially in light of the fact that Mr. Avery has not offered any nonfrivolous reason warranting a lower sentence.[1] Thus, we find no nonfrivolous basis for challenging the

---

[1] We review a sentence for reasonableness, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). We will set aside a sentence only if it is procedurally or substantively unreasonable. *See United States v. Hernandez*, 509 F.3d 1290, 1297

(continued...)

conviction or sentence imposed.  *See Anders*, 386 U.S. at 744.

### III.  Conclusion

For these reasons, no meritorious appellate issue exists.  Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Avery's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[1](...continued)
(10th Cir. 2007).  "A procedurally reasonable sentence reflects the sentencing court's calculation of the applicable advisory Guidelines range and its application of the § 3553(a) factors," while a substantively reasonable sentence reflects the gravity of the crime and the § 3553(a) factors as applied to the case.  *Id.* at 1297-98.  A presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range, unless sufficiently rebutted by Mr. Avery.  *See Kristl*, 437 F.3d at 1053-55.  In making a reasonableness review, we review the court's findings of fact for clear error and its legal conclusions de novo.  *See Hernandez*, 509 F.3d at 1298.